LUNSFORD DOLE PHILLIPS #4407
1620 Pioneer Plaza
900 Fort Street Mall
Honolulu, Hawaii 96813
Telephone: (808)533-1734
lunsfordp001@hawaii.rr.com

Attorney for Plaintiff
MARC FIEDLER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARC FIEDLER | ) | CIVIL NO. CV08 00057 JMS BMK |
| | ) | |
| Plaintiff, | ) | COMPLAINT; SUMMONS |
| | ) | |
| vs. | ) | |
| | ) | |
| KYO-YA HOTELS AND RESORTS, LP | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Plaintiff MARC FIEDLER, through his undersigned counsel, avers and alleges as follows:

### JURISDICTION AND VENUE

1. This court has original jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343 through the federal question raised herein, namely the alleged violation of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), 42

U.S.C. Section 12101 et seq., and has supplemental jurisdiction under 28 U.S.C. Section 1367 over the parallel state claim under the Hawaii Revised Statutes ("H.R.S.").

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(b) because all events material hereto occurred within the District of Hawaii.

## VIOLATION OF 42 U.S.C. 12101 ET. SEQ. AND HRS §347-13

3. The plaintiff is a person with a disability under 42 U.S.C. Section 12102(2) and is a person who is physically disabled under H.R.S. § 347-13(a) who has been and may again be subjected to prohibited discrimination by the defendant, being a past and potential future patron of the defendant.

4. The Defendant's Sheraton Waikiki is a place of public accommodation within the meaning of 42 U.S.C. Section 12181(7)(A) and of H.R.S. §347-13(a) because it is a hotel whose operations affect commerce.

5. The ADA applies to the defendant because it owns, leases (or leases to), or operates a place of public accommodation within the meaning of 42 U.S.C. Section 12182(a).

6. The plaintiff, who uses a wheelchair for mobility, encountered numerous architectural barriers in common areas and amenities and in the purportedly accessible guest room to which he was assigned at the Sheraton Waikiki during his stay there February 16-24, 2006.

7. The defendant has violated 42 U.S.C. Section 12182(a) and H.R.S. § 347-13)(a) because it has denied the plaintiff on the basis of his disability the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation.

8. The defendant has also violated 42 U.S.C. Section 12182(a)(2) by failing to make alterations to the Sheraton Waikiki in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or the defendant has violated U.S.C. Section 12182(b)(2)(A)(iv) by failing to remove architectural barriers where removal is readily achievable, because the defendant did not make readily accessible alterations in and did not remove readily achievable removable architectural barriers from the common areas, amenities, and the guest rooms at the Sheraton Waikiki.

THEREFORE, THE PLAINTIFF RESPECTFULLY REQUESTS THE COURT enter judgment for the plaintiff and against the defendant and order the following relief:

A) An injunction ordering the defendant's full compliance with the ADA within one hundred eighty (180) days;

B) Monetary damages in the amount of $1,000.00 or three times Plaintiff's actual damages, whichever is greater, as provided for in Hawaii Revised Statutes §347-13.5;

C) Payment of Plaintiff's litigation costs, including reasonable expert and attorney's fees; and

D) Such other relief as the court deems proper.

DATED: Honolulu, Hawaii, February 8, 2008.

_____
LUNSFORD DOLE PHILLIPS
Attorney for Plaintiff
MARC FIEDLER

## SUMMONS

STATE OF HAWAII

To the above-named defendant(s):

You are hereby summoned and required to serve upon Plaintiff's attorney, whose address is stated above, an answer to the COMPLAINT which is attached hereto. This action must be taken within 20 days after service of this summons upon you, exclusive of the date of service.

If you fail to make your written answer within the 20-day time limit, judgment by default will be taken against you for the relief demanded in the COMPLAINT.

DATED: Honolulu, Hawaii, _____ FEB 1 2 2008 _____.


_____ SUE BEITIA _____
Clerk of the above-entitled court

_____ (signature) _____
Deputy Clerk

THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.

FAILURE TO OBEY THE SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE PERSON SUMMONED.